2-18-0934 West Bend Mutual Insurance Company, Plaintiff's Appellee, TRRS Corporation, Commercial Tire Services Incorporated, and Gary Bernadino, Defendant. Gary Bernadino, Defendant, Appellant. Arguing on behalf of Defendant, Appellant, Mr. Robert T. Heath. Arguing on behalf of the Plaintiff's Appellee, Mr. Thomas F. Lucas. Good morning, gentlemen. Good morning. And, Mr. Edens, you may proceed. Robert Edens on behalf of the Appellant. May it please the Court. It is our position that the trial court erred in issuing a statement against Mr. Bernadino's 19B pending trial before the Illinois Workers' Compensation Commission based solely on a finding that the issue was one of law over which it had primary jurisdiction, where the Plaintiff presented no evidence that the equitable issues presented by the circumstances of the case favored the issuance of the state. How would you define primary jurisdiction, Mr. Edens? Primary jurisdiction is where, first, a court finds concurrent jurisdiction. That requires, one, the court has jurisdiction, and, two, the Illinois Workers' Compensation has jurisdiction. There, you go into a two-step analysis. After that analysis, if there's a finding that the court has primary jurisdiction, it would be primary. Otherwise, if the Illinois Workers' Compensation, by virtue of the scheme of the statute or nature of the case, has primary jurisdiction, it would. Well, does primary jurisdiction allow a trial court to do something in particular, or does it mandate that the trial court do something in particular? Pursuant to skilling, Your Honor, the court indicated that primary jurisdiction is really more than, in this case it's a lot like subject matter jurisdiction, but it's more of an issue of what is best given the circumstances. You have to bring justice to the parties. In this particular case, Mr. Bernardino is seeking a 19B motion, which is an immediate hearing to obtain medical benefits and to obtain, eventually, TTD after he receives his procedure versus money benefits, which is what the plaintiff, Pelley, in this case, is at issue. So it's money versus medical. So that is a balancing issue, if you may, Your Honor. Well, does primary jurisdiction allow the trial court to say to an administrative court, as we have here, you can't go forward, or what does it allow the trial court to do? Depending on the circumstances, Your Honor, and that's why I think this case is very limited, this is a 19B motion. Any case you will see before this court cited by either party involves no 19B motion before the court. That's why I think this would be a very limited holding, and that I think to allow an insurance company or a trial court to stop the ability of an employee to obtain what is admitted benefits under the Act is to allow an insurance carrier, in the event that they find good faith or probable cause that there's a violation of the contract, to go to the circuit court and stop 19B motion there. I just think that's bad policy, and that would be a bad holding, Your Honor. Other than the Hastings case, where, in fact, the court says, thou shalt go back and enter a stay in the administrative action, have you found any other case that allows that action? That allows for a stay, Your Honor? Yes. There are other cases that allow the court to stay actions, and if you look at each one of them, they apply a four-part test. That's equity being applied towards a determination as to whether the stay should be imposed, and that four-part test, the plaintiff appellee in this case failed to show any of those four. They used Hastings to say that you shouldn't have to apply the four issues related to equity, and, in fact, on their brief, they skipped over arguing those facts at all. That four-point test you're talking about is whether, in fact, an injunction should be granted, correct? Yes, an injunction is like a stay. Correct. So the four-part test has been applied to the application of a stay as well as the application of an injunction together. Hartman indicates that it is the duty upon the Annette Hartman v. Illinois Power Company that it is the duty of the move-in to show prima facie evidence that they have the four elements in their favor. In this case, those four elements do not favor the issuance of a stay. They haven't shown, in particular, the inadequacy of a legal remedy or the fact that they are going to be irreparably harmed. In this case, it's about money. In the event that they go forward on either a representation under a reservation of rights, they can always come back under the Workers' Compensation Act and collect that money from the employer if it is found that they, in fact, breached the contract. Mr. Edens, when the trial court ruled in this matter, did they make any factual findings or just basically rely upon Hastings? If you look at the trial court's record and you go to page 21 and page 19, you'll see that they indicate on page 19 that we are going to impose the stay and deny my motion. At the very beginning, they indicate that this is a straightforward breach of contract. They go into no fact findings. There was no hearing before the court. There was no entry of evidence on the part of any oral testimony. It was just presentation of documents which the court looked at, ruled on, and heard an oral argument on. No testimony was presented. Did you introduce any testimony? No, I did not, Your Honor. Neither side introduced any testimony. Well, should you have if you wanted to establish this the correct way using the four-point test? Your Honor, I did, in fact, attempt to make arguments with respect to some of the four-point tests. We spent a lot of the time arguing. One is that it was a question of law versus a question of fact. The court was set on the fact that it was a question of law, and therefore, it had primary jurisdiction, and therefore, it could issue a stay. No consideration was given by the court to any of the four. I did bring up some of the four issues, specifically the fact that my client was seeking medical benefits. Even if you get to the four-point test, let's say that they qualified under the four-point test or that a review that was met, then you still have to get to the balancing test. And after the balancing test, I think this has got to fall because it's a case of my client seeking money. And that's where jurisdiction also becomes a question, a subject matter of jurisdiction. The issue is should a trial court take subject matter of jurisdiction where the issue pending for the Illinois worker's compensation is one that an employee is seeking medical benefits on an immediate hearing. Just the fact that I think it was your West Bend was saying that they didn't cover the employee in the Lopen Hills location. Was that relevant at that point? I mean, do you even get there at that point in that hearing? I presented evidence in the form of an affidavit by an agent of the West Bend Insurance Corporation that I believe shifted the burden on them to show that there was an insurance policy. Section 4 of the Illinois Worker's Compensation Act indicates that a indicates that it is the worker's compensation commission has the authority to make a determination as to whether or not insurance is valid. They have to go through a process. They have to submit the declaration page, which does not in this case by admission contain the allocation to the NCCI. And the NCCI then has to go through a process. So the worker's commission is better suited to address that issue than the trial court. Is that what you're saying? I'm saying that it's an interpretation of a statute that by the terms of the statute grants the Illinois Worker's Compensation Commission the authority to make an approval as to whether or not that contract is sufficient under the statute. So therefore, it puts the jurisdiction in the worker's compensation commission. I've looked at four other things that I believe are an issue in this besides the failure to apply the rules of equity. They alleged a waiver in this case. I believe that waiver does not apply for a few reasons. One is that I, in fact, did make arguments before the court concerning the fact that there was no harm. I tried to make an argument that the court could retain jurisdiction while we went forward in front of the worker's compensation so that my client could obtain benefits under the act. So I was attempting to push the court towards a weighing analysis, but it did not go forward in that way. Also, if you look at section 366A.5, it allows the court to give any order that ought to have been given in the circumstances. If it finds that I didn't make those arguments at the lower court, you can use that. There was also an issue on standard of review. The plaintiff, Appellee, argued that the standard of review, or just took it for granted, that the standard of review in this case was one of abuse of discretion. However, this court made no findings, as was indicated earlier, regarding any facts. What it did is ruled as a matter of law. That's directly in the record, that it is ruling as a matter of law, that it is a question of law, not fact. No testimony, just documents with this court can review de novo. I set forth cases for the holdings on de novo, that being Clinton Landfill, Household Finance v. Berger, Brown. Several of them show that this de novo analysis is a better standard of review in this case. And finally, then, I get to the primary jurisdiction, which is really a case of subject matter jurisdiction. First, I believe that they failed to apply the rules of equity. Equity, in this case, favors my client. They have an adequate remedy of law. They can get their money back in the event that they have to go forward under a reservation of rights. Can these two proceedings go on at the same time? I made that argument, and I applied in my motion to stay the proceedings before the court. ML Industries indicates that oftentimes an issuance of a stay does not stop or dismiss. I didn't seek a dismissal in this case. We could stay the proceedings, go forward in the workers' compensation case. That in itself goes through a natural process, allowing them under Section 19G to go through a three-panel commission. After the commission, it would then go to appeals. If I get judgment and it stops at any point, I have to go back to the circuit court anyway to enforce judgment. I could have to or be mandated to come back to that court to make a determination if judgment is entered against West Bend Insurance in the event that the Illinois Workers' Compensation Commission does not agree with them, and the court at that time could make its ruling on its primary jurisdiction with respect to that issue. Now, after the stay was entered, and I think I have this correct chronology, didn't you file some sort of actions back in the workmen's comp proceedings? I filed a motion, Your Honor, for 19B again after the original order filed by the court only stayed a single-day trial. I went forward again and filed another, and the action was again brought by West Bend. We went into the court, and West Bend filed an affidavit by its underwriter indicating that, in fact, it did not include the location where the accident occurred in its underwriting or in its declaration page. However, it intended to do so, and that under the general provisions of the contract, which is something that is not submitted pursuant to the statute, which I indicated in my reply brief, was not valid. And therefore, I sought by motion to have that order looked at by the court, because the court at that time then extended it to any hearing by the Workers' Compensation Commission, and that I had to apply to the court in order to go to the Workers' Compensation Commission for a determination by that court to whether or not they had primary jurisdiction again. Now, you have a motion pending, I believe, to supplement? That is correct, Your Honor. What is that motion, or what dates does that motion apply to? The court entered an order on January 31st regarding the state of continued action before the Illinois Workers' Compensation Commission, and there was motions or briefing regarding that motion, which included additional attachments and an affidavit filed by West Bend Insurance Underwriting. The court heard a very brief argument and then amended the court order of November 1st very narrowly, generally to include any action by the Workers' Compensation Commission. I sought to, in my motion, to add that order as part of my notice of appeal, and I thought that was proper. All right, you'll have an opportunity for rebuttal or reply. Thank you very much, Your Honor. Mr. Lucas. Good morning, Your Honor. If it may please the Court, Mr. Edens, my name is Tom Lucas, and I'm an attorney for the Pauley West Bend Mutual Insurance Company. I'm going to start, if I may, with the same question to you. What does primary jurisdiction mean to West Bend? Well, I think primary jurisdiction, and we get this primarily from the Skilling case, the explanation, I think, is we start with concurrent jurisdiction. In this setting, the circuit court and the Workers' Compensation Commission have concurrent jurisdiction to decide the insurance coverage case that West Bend brought in the circuit court by its team jurisdiction. And the only way that wouldn't be the case would be if it had been somehow prohibited in the Workmen's Compact. Correct. If the court determined that exclusive jurisdiction rested either in the circuit court or the commission, then we don't address primary jurisdiction. Primary jurisdiction, the question that is being asked is, okay, we have concurrent. Which is paramount? Is the circuit court paramount, or is the commission paramount? And fundamentally, what we're saying is the late notice issue that West Bend brought in its DJ, the jurisdiction to decide that issue is paramount with the circuit court, not with the commission. And why can't the commission undertake that consideration? Oh, I think under Skilling, you know, the court is saying the commission could decide it. Well, then why does West Bend feel that they shouldn't decide it, I guess? Because it's a matter that the circuit court should decide. Late notice coverage issues are common. Your Honors have seen them. They're common in the circuit court in all types of different policies, whether it's workers' comp or GL. Aren't they common before the commission, too, though? I would say no. And I would also say that the circuit court, because they're commonly presented there, is the first in the law on late notice. Late notice, it's not the type of issue covered in the insurance coverage issue that the commission addresses. The commission addresses issues such as are you entitled to benefits? What amount of benefits are you entitled to? Well, for equity purposes, he files this 19B before the work commission because the gentleman needs to get his benefits. Even if your declaratory judgment action is not stated, if it runs at the same time or it's heard later, if you're out any money, do you have other revenues to procure your monies? I suppose we could attempt to get the money back from the insured if it was determined that there was no coverage. But I think the problem is that if we go forward to tracks, which I think Your Honor might be asking about, is the commission can issue findings, rulings that would be detrimental to West Bend should the court find that a notice issue doesn't go in West Bend's favor. Do you have a right to appeal that under the act? Is there a remedy? That's my question. I don't know if we would ever. I don't know the answer to that, Your Honor. I don't know if down the line we lose on the coverage issue in the circuit court and the commission has entered findings that are adverse to West Bend. If we could appeal those. I'm sorry, Your Honor. If the commission were to decide this issue, West Bend would either have the right to file an appearance or they would be brought in probably to state their position, wouldn't they? Oh, they are. Yes, Your Honor. All right. So then you are a party or would be and any party, I believe, has the right to either appeal first by exhaustion of remedies or there might be a direct appeal, correct? That's probably correct, Your Honor. All right. So you would have that remedy available. But the question is, should the circuit court be allowed to exercise its primary jurisdiction to decide this late notice issue? And I think Judge Meyer is concerned about getting this issue decided quickly, not to hold up the proceedings in the commission, get this issue decided, and then the proceedings in the commission go forward. But the primary jurisdiction, and that's what we're talking about here, is where should this late notice issue be decided? And it should be decided in the circuit court. You know, the court relied upon you in your briefs, heavily relied upon the Hastings mutual decision out of the first appellate. And interesting because Hastings really relies on the Kendall decision, which were totally different facts, really, than Hastings, weren't they? Well, I think actually Hastings distinguished Kendall. And the distinction is pretty important. And I think if you follow both Hastings and Kendall, you see the interplay in the primary jurisdiction issue. In Kendall, the insurance company, in essence, gave up the primary jurisdiction argument until they filed a deejay. They were in the commission arguing that the policy was canceled. And the commission held a hearing, decided, you know, heard evidence, and decided, no, the policy wasn't canceled. But was that decision made based upon primary jurisdiction? Not in Kendall then. Okay. In Kendall, what happened is after the commission had decided the cancellation issue, the insurance company then filed a deejay. And said, oh, no, the circuit court has to decide this cancellation of coverage issue, not the commission. And what the appellate court said is, oh, no, what you're trying to do now is appeal the commissioner's ruling. So in Hastings, what happened was before any hearing in the industrial commission, again on cancellation, that was the issue in Hastings just as it was in Kendall. In Hastings, the insurer went into court before any hearing in the commission and argued, no, it's primary jurisdiction in the circuit court to decide this issue. It shouldn't be decided in the commission. The trial court ruled against the insurer, dismissed the deejay, and allowed the circuit commission to go forward. On appeal, the first district said no. And the first district said it was an abuse of discretion by the trial court to not have stayed the workers' comp commission hearing to allow the circuit court to decide the coverage issue. Well, but in Hastings, I think I'm reading from page, while the motion to stay is missing, the record does include a transcript of an in-depth hearing on the issue which will be ample for conducting a conclusive analysis. There was a hearing in Hastings that the appellate court relied upon. And as it says, an in-depth hearing on the issue of cancellation. Did we have any such hearing in this case? No, Your Honor, because the issue is late notice, which the circuit court hasn't reached yet. And I'm not sure which hearing, because there was also Rule 23 in 2016 on Hastings, and I hesitate to argue Rule 23. This is the 2012 appellate court. But I think there was an in-depth hearing both on November 1 and on November 8 on the propriety of issuing the stay. Well, did you, as West Bend or whoever was trial counsel, was there an analysis of the four point factors for an injunction to issue? No, Your Honor. And I would argue that the case that appellate cites, the Bates v. Stack, the Supreme Court says even though a stay is treated like an injunction for 307 for an immediate appeal, doesn't mean the elements of an injunction apply to a stay. And this court, in Allianz v. Guidance, said the standard overview for a stay is abuse of discretion. And the test that this court set forth in Allianz, which is also in TIG v. Keenel, which is also in Hastings v. Ultimate Backyard, is did the trial court act arbitrarily without employment of conscious judgment or exceed the bounds of reason and ignore recognized principles of law? That's the standard for issuing a stay. All right. Let's go back to primary jurisdiction. Isn't the recognized principle of law that primary jurisdiction allows a trial court to stay its proceedings or a trial court proceedings, but that does not extend to an administrative hearing? Well, I think in Hastings, you know, the court recognized that. But they didn't do any analysis of the issue. They just said you should have, and in fact, on remand, you shall do this. That doesn't mean it's right. Can you show me anything in the 2012 Hastings decision where the appellate court makes any findings concerning why this matter should be stayed? Well, I think what the court decided in Hastings is it should be stayed because it's an issue that the circuit court should decide. Well, that's not one of the issues for stay, though. That's not one of the four point factors. And primary jurisdiction on its face does not allow a trial court of general jurisdiction to impair an administrative special jurisdiction court. Well, I guess. If you can find a case that says it does, I'll be happy to look at it. But I have looked. I can't find one. So I think if you. I guess I haven't come across a specific case where you are saying the circuit court doesn't have the power. That's what I'm asking you. You say it does by virtue of Hastings. But Hastings doesn't give me any reasons why. So I'm looking for why. Are you saying, sir, that the standard for stay is different than that for an injunction? Yes, ma'am. And I think that's exactly what staff versus banks or banks versus staff would show. I'm sorry, what? The staff case. I think it says that the elements of an injunction aren't the same as the elements for a stay. Well, then what are the elements for a stay? I think, did the trial court act arbitrarily without employment of conscious judgment? Did it exceed the bounds of reasoning or recognize principles of law? Well, I just asked you about a recognized principle of law, and I still don't have an answer. Primary jurisdiction as defined says that a trial court can stay its own proceedings. Do you have anything that tells me a trial court can stay the proceedings of an administrator special jurisdiction court? I hesitate to say that I'm not sure if the case involving the Illinois Environmental Protection Agency addressed that specific point. But recently, Friday, the 5th District addressed primary jurisdiction in a case called Corbin v. Allstate. What might be the name again, please? Pardon? What was the name again, please? It's Corbin v. Allstate. It was just published on Friday. It's 2019, ILADD 5th, 170296. The issue there was whether the Illinois Department of Insurance had primary jurisdiction to decide whether Allstate was guilty of fraud and deceptive business practices. And the court applied the primary jurisdiction analysis to decide that no, the primary jurisdiction didn't rest in the circuit court. It, you know, I'm sorry, it didn't rest with the... Administrative agency. With the agency. It was with the circuit court. So there was a case where the court also addressed the primary jurisdiction issue. Do you have anything else you want to say briefly? Otherwise, you can wrap up, please. No, Your Honor, I think I've covered... For the reasons stated on the brief and here, we would ask that this court affirm the circuit court. Thank you. Thank you, sir. All right, Mr. Edens. Briefly, Your Honor. I do have one question that doesn't necessarily relate to the argument, but I found something interesting in your brief. On page 24 of your brief, you cite the Knox case, and you call it a Rule 23 order. I couldn't find a Rule 23 order. All I could find was an opinion. Okay. Which I think is what I'm supposed to look at. Probably what I was citing. But you make a point of saying it's a Rule 23 order, and it was a little confusing. I thought maybe I had missed something. I apologize. With respect to that, Your Honor, I made a mistake. Someone must have asked to publish after you cited it as a Rule 23, Mr. Edens. That's a possibility. There is a Knox case out there, Your Honor. The point I wanted to make, though, is that Hastings, one, again, did not apply the four principles. Well, it did apply the three principles that counsel has talked about. Assuming the principle of, you know, didn't recognize a recognized principle of law, acted unreasonably. I know there's one more. Didn't consider any of those principles. The answer really is no. And the reason why, Your Honor, is because Hastings was a case about an employee who they had paid their TTV to, who they had given medical benefits to, and was now seeking a final hearing before the Illinois Workers' Compensation Commission. Cases of state final hearings. That's money versus money. The only thing left at that point is permanency or something else. There's, I mean, at that point, the balancing is different. The irreparable harm is different. The tests change because we're not seeking medical benefits. You won't find, and I could not find, a case where someone or, excuse me, a trial court stayed a 19B proceeding. And that's why I think this ruling would be very limited. We don't want to open the door to insurance carriers stopping the ability of an employee to obtain the benefits, which the Illinois legislature has designed for them to get on an immediate basis under 19B based on a violation of their contract. There are several terms under a contract that an insurance company could allege. Ultimately, the employee is getting the benefits from the employer, correct? But the employer has the right then to insure or provide a fund for those particular benefits. Under Section 4, the employer has the duty to insure. Failure to do so subjects him to a whole bunch of problems under Section 4. But 19B is talking about the employee was injured, the employee, what is the employer's responsibility, correct? That is correct. There's a very limited amount of time to pay benefits. Doctors have the ability. It's billing and things like that. Any other questions? I think not. Thank you. Okay. Thank you very much, Your Honor. Thank you. Thank you. All right. Thank you for the arguments this morning, gentlemen. We will take the matter under advisement. We will issue a decision in due course.